# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2013

Lyle W. Cayce
Clerk

No. 12-10880
Summary Calendar

JAMES KING, GAYLE KING, and TRECIA DeJEAN,

Plaintiffs-Appellants,

v.

WELLS FARGO BANK, N.A., Successor by Merger to Wells Fargo Bank
Southwest, N.A., formerly known as Wachovia Mortgage F.S.B., formerly
known as World Savings Bank F.S.B.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:11-cv-00945-m

Before STEWART, Chief Judge, and OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In 2005, Plaintiff-Appellant James King executed an adjustable rate note
("the Note")[1] in favor of Defendant-Appellee, Wells Fargo (previously, World

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] The Note was executed by James King only. For the purposes of these proceedings,
however, James King's wife, Gayle King, and their daughter, Trecia DeJean, are also named
Plaintiffs-Appellants. According to Appellants, Ms. DeJean moved in with the Kings
subsequent to Mr. King's execution of the Note and began assuming responsibility for ensuring

No. 12-10880

Savings Bank, FSB), which was also accompanied by a Deed of Trust, executed by James and Gayle King (hereinafter referred to as "Appellants"). The property subject to the Note was located at 6537 Talbot Parkway, Dallas, Texas, 75232 ("the Property"). In 2010, after Appellants defaulted on the mortgage payments, they contacted Wells Fargo and attempted, unsuccessfully, to apply for a loan modification. Appellants then "decided to bring the account current." In response, Wells Fargo accelerated the Note for the total amount due and ultimately foreclosed on the Property due to Appellants' default on the Note.

In 2011, Appellants filed suit[2] against Wells Fargo alleging claims for breach of contract, anticipatory breach of contract, unreasonable collection efforts, gross negligence, negligent misrepresentation, and violations of the Texas Debt Collection Practices Act. *See* Tex. Fin. Code § 392.001-396.353 (2006). Appellants also filed requests for an equitable remedy of accounting and for declaratory relief enjoining Wells Fargo from foreclosing on the Property.[3] In response to Appellants' third and final amended complaint, Wells Fargo filed a 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted, which was granted by the district judge. Fed. R. Civ. P. 12(b)(6). Appellants filed a motion for reconsideration and to vacate the final judgment dismissing their claims, which was denied by the district judge.

Wells Fargo then filed a motion for attorney fees and expenses which was granted in part and denied in part by the district judge. In that motion, Wells Fargo moved for $32,970.60 in attorney fees and $2,430.91 in expenses. After

---

that the monthly payments were made, with the permission of Mr. King.

[2] Appellants initially filed in Texas state court, and Wells Fargo removed to the United States District Court for the Northern District of Texas, Dallas Division, on grounds of diversity jurisdiction. *See* 28 U.S.C. § 1332.

[3] In 2011, the State court granted a temporary restraining order which subsequently expired. This Court denied Appellants' motion for stay or injunction pending appeal in 2012.

No. 12-10880

a detailed and thorough analysis in accordance with the applicable law of this circuit, the court ultimately granted $20,000 in attorney fees and no expenses. Appellants subsequently filed a motion for reconsideration of that judgment which was also denied by the district judge.[4]

Appellants now appeal the district court judgment granting Wells Fargo's 12(b)(6) motion to dismiss, as well as the portion of the judgment partially granting Wells Fargo's motion for attorney fees and expenses.

After reviewing the record, including the terms of the Note and the Deed of Trust, this court's jurisprudence, and all applicable state and federal law, we conclude that Appellants have failed to provide any persuasive argument or authority showing that the district court erred in granting Wells Fargo's 12(b)(6) motion to dismiss. Appellants have also failed to show that the district court erred in partially granting Wells Fargo's motion for attorney fees and expenses. Accordingly, we AFFIRM the district court's summary judgment and adopt its analysis in full.[5]

---

[4] Wells Fargo does not appeal the portion of the district court judgment denying in part its motion for attorney fees and expenses.

[5] Appellants argue for the first time on appeal that their default was excused by impossibility and frustration of purpose. Arguments raised for the first time on appeal will not be considered. *Lofton v. McNeil Consumer & Specialty Pharms.*, 672 F.3d 372, 380-81 (5th Cir. Feb. 22, 2012).